McKeehan, *Appellant*, v. McKeehan

**Divorce:** The decree of the lower court dismissing both the bill
and cross bill for divorce in this case affirmed, the evidence show-
ing that neither party was entitled to a divorce.

*Appeal from Johnson Circuit Court.*—Hon. N. M.
Givan, Judge.

Affirmed.

*S. P. Sparks* for appellant.

(1) The court erred in admitting in evidence the
deed of separation. It constituted no bar to plaintiff's
action after an offer to return. 1 Bish. Mar. & Div.

§ 806 (Ed. 1864); *Stokes v. Stokes*, 1 Mo. 320.  (2)  Plaintiff's offers to return and defendant's refusal to permit her were clearly established by the testimony.  This constituted an "absenting himself without a reasonable cause," and it continued for more than a year, and entitled plaintiff to a decree of divorce.  Sec. 2174, R. S. ; 1 Bish. on Mar. & Div., § 806-808.  (3)  The testimony of the defendant himself shows his intention never to permit the plaintiff to return to him by placing himself in such a situation as to make a return impossible. *Gillinwaters v. Gillinwaters*, 28 Mo. 60.

*S. G. Kelley* and *O. L. Houts* for respondent.

(1)  Petition alleges that defendant "at divers times prior to the 20th day of April, 1875, offered such indignities towards plaintiff as to render her condition intolerable."  After specifying indignities, says that at that date "she finally left his bed and board on account of said conduct toward her, and has continuously remained away from him ever since."  The petition then states, by way of explanation of plaintiff's conduct in leaving and remaining away from defendant, that plaintiff afterwards, "at three different times, besought defendant to renew their marriage relations, but that defendant refused to permit her."  The action is clearly based upon the ground of indignities.  The petition contains but one count and sets out the acts of indignity.  It could not allege abandonment in the same count; besides the allegation that plaintiff had offered to return and defendant would not permit her is not equivalent to saying "that defendant had absented himself without reasonable cause for a space of one year."  The offer to return and refusal, if proven, would only be evidence of abandonment.  The facts of abandonment, if relied on, must be distinctly alleged, and not the evidence thereof. (2)  The deed of separation showed that the separation was

voluntary, contradicted the allegations of plaintiff's petition to the effect that she had been compelled to leave defendant; also, her statements as to her offers to return, and was competent evidence. (3) Upon all the evidence in the case, it was the duty of the court to dismiss plaintiff's bill. *Messenger v. Messenger*, 56 Mo. 329.

MARTIN, C.—The plaintiff sued the defendant for a divorce, alleging that the defendant had offered such indignities towards her as to render her condition intolerable. The character of the indignities is set forth in the petition. The defendant denied the charges made in the petition, and filed a cross-bill asking for a divorce on the ground of abandonment. The court heard the testimony of the parties themselves and of other witnesses, and dismissed the application of both sides on the ground that neither of them was entitled to a divorce. The plaintiff appeals from this action of the court.

The indignities about which the plaintiff testified were all contradicted by the evidence produced by defendant. The decree dismissing her bill is sustained by the evidence, and cannot be disturbed on appeal. It seems that both parties were of impetuous temperament; and that the plaintiff, more than once, had left, and returned to the defendant. Finally in August, 1875, they agreed to separate permanently. The defendant gave the plaintiff some four hundred dollars worth of property, and they signed a deed of separation and mutual release. In this deed they recite that a separation has taken place by mutual consent on account of domestic difficulties and differences. The concluding paragraph of the plaintiff's petition reads as follows: "Plaintiff further avers that hoping and trusting that defendant had repented of his ill usage and bad conduct towards plaintiff; believing it to be her christian duty, if it could be borne, to live with said defendant; at three different times since her said separation from defendant, has be-

The Father Matthew Society v. Fitzwilliams.

sought him to resume the marriage relation with plaintiff ; the last time in the year 1879, and permit her to live with him as his wife, but at each of said times, the said defendant has refused to permit her and still refuses, without any reasonable cause or excuse ; wherefore plaintiff prays that she may be divorced," etc.

The plaintiff insists that the foregoing paragraph is equivalent to the statutory charge that "the defendant has absented himself without a reasonable cause for the space of one year." Good pleading requires the substantive fact of abandonment to be alleged, if it is depended upon as a ground of divorce. The paragraph mentioned is rather in the nature of evidence tending to prove abandonment. But waiving all objection to its sufficiency in law, the testimony submitted by plaintiff fails to support it. Her offers to return are contradicted by the defendant and other witnesses, admitted by her to have been present at the time they were made. Neither are they in accord with certain admissions in the petition, to the effect that the conduct of defendant rendered her condition intolerable down to the 20th day of April, 1875, when she finally left his bed and board on account of his conduct toward her, and has continuously remained away from him ever since. I do not think that either party was entitled to a divorce upon the evidence in the record. Accordingly the decree of dismissal is affirmed. All concur.